NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

RAYMOND SPACE, Individually and on
behalf of all others similarly situated,

        Plaintiff,                      Civil Action No. 07-947 (JAG)

        v.                                  **OPINION**

BRPM TOWING SERVICE, INC.; DENTE
BROTHERS TOWING, INC.; JERRY'S
TOWING, INC.; and THE HOME DEPOT,
INC.,:

        Defendants.

---

**GREENAWAY, JR., U.S.D.J.**

       This matter comes before this Court on the motion of Defendant The Home Depot U.S.A., Inc. ("Home Depot")[1], to dismiss for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, Home Depot's motion is granted.

**I. FACTUAL BACKGROUND**

       On approximately December 5, 2006, Plaintiff Raymond Space ("Plaintiff") parked his tractor trailer truck and empty flat bed trailer in a parking lot located at 2465 Springfield Avenue, Union, New Jersey. (Compl. ¶ 15.) Plaintiff alleges that "no signs [were] posted [to] inform[

---

[1] Defendant The Home Depot U.S.A., Inc. was incorrectly named The Home Depot, Inc. in the Complaint.

him] that it was illegal to park in the lot." (Id. at ¶ 25.) When Plaintiff returned, on December 6, 2006, to retrieve the truck and trailer bed, he found that both were missing. (Id. at ¶ 16.) Plaintiff claims that temporary signs were then posted with duct tape in the parking lot. (Id. at ¶ 26.)

Plaintiff inquired as to the location of his vehicle at the Home Depot, the owner of the parking lot (id. at ¶ 24), and was told that the vehicle had been towed by Defendant BRPM Towing Services, Inc. ("BRPM") (id. at ¶ 16). Plaintiff called the telephone number he was given, and allegedly was told that "he would have to pay $6,350.00 in cash . . . to retrieve his truck." (Id. at ¶ 17.) Plaintiff alleges that, although he was told that BRPM had towed his truck and trailer bed, the number he called is registered to Defendant Jerry's Towing, Inc. ("Jerry's"). (Id. at ¶ 21.)

During this first telephone call, Plaintiff was instructed to contact a man named Ryan. (Id. at ¶ 22.) Plaintiff called Ryan, and again was told that he would need to pay $6,350.00, in cash, to retrieve his vehicle. (Id.) Allegedly, Ryan told Plaintiff to bring the payment to a storage facility owned by Defendant Dente Brothers Towing, Inc. ("Dente Brothers"). (Id.) Plaintiff, apparently, traveled to Dente Brothers and paid the towing fee, and was then given a receipt bearing BRPM's name. (Id. at ¶ 29.)

Plaintiff alleges that the towing charge is excessive, unconscionable, and exorbitant (id. at ¶¶ 24, 29-31), and that Defendants Jerry's, BRPM, and Dente Brothers ("Towing Defendants") "have charged hundreds of individuals[] excessive truck and car towing charges over the past six years" (id. at ¶ 32). Plaintiff also alleges that Jerry's and/or BRPM subcontracted with Dente Brothers to tow Plaintiff's vehicle, and that the Towing Defendants acted in concert to

2

overcharge for towing services. (Id. at ¶ 23.) Plaintiff also claims that Home Depot contracted with the Towing Defendants to remove vehicles from the lot located at 2465 Springfield Avenue, and authorized the Towing Defendants to charge excessive fees for such towing services. (Id. at ¶ 24.)

As a result of these claims, Plaintiff filed the instant class action on January 11, 2007 in the Superior Court of New Jersey (see generally, Compl.), alleging that Defendants Home Depot, BRPM, Jerry's, and Dente Brothers (collectively "Defendants") violated the Union Township Municipal Code ("the Code"), UNION TWP. MUN. CODE § 505-15 (id. at ¶¶ 38-39); and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. STAT. ANN. § 56:8-2.26 (2007) (id. at ¶¶ 41-42). Plaintiff also alleges that Defendants breached the covenant of good faith and fair dealing. (Id. at ¶¶ 44-48.) Finally, Plaintiff raises a claim pursuant to the common law tort theory of conversion. (Id. at ¶¶ 50-51.)

Home Depot removed this lawsuit to the District of New Jersey on February 28, 2007 (see generally, Notice of Removal), and filed a motion to dismiss on March 2, 2007 (see generally, Mot. to Dismiss). On June 22, 2007, Plaintiff filed his opposition to Home Depot's motion to dismiss. (See generally, Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss.) Home Depot filed a reply on June 29, 2007. (See generally, Def.'s Reply in Supp. of Mot. to Dismiss.)[2]

---

[2] Home Depot argues that Plaintiff untimely filed his opposition to Home Depot's motion to dismiss, and as such, the opposition should be disregarded and the motion granted as unopposed. (Def.'s Reply in Supp. of Mot. to Dismiss 1.) Plaintiff was required to file his opposition "at least 14 days prior to the original motion date . . . " L. CIV. R. 7.1(d)(2). In other words, Plaintiff's opposition was due on, or before, March 12, 2007. However, this Court may extend the time in which a party is to act, and therefore permit a late-filing, when "on motion made after the time has expired if the party has failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In determining whether neglect is excusable, a court may consider: 1) the danger of the prejudice to the opposing party, 2) the length of the delay and its impact on the

## II.  STANDARD OF REVIEW

A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it

---

judicial proceedings, 3) the reason for the delay, and 4) whether the moving party acted in good faith.  In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 153 (3d Cir. 2005).

On June 13, 2007, after Magistrate Judge Madeline Cox Arleo denied Plaintiff's motion to remand this case to state court, Plaintiff requested leave to file an out of time opposition to Home Depot's motion to dismiss.  (See Letter from Joel E. Davidson, Attorney for Plaintiff, June 13, 2007.)   Although this request was made approximately three months after Plaintiff's opposition was due, this Court finds that Plaintiff's failure to file his opposition timely is excusable.  First, Home Depot is not prejudiced by Plaintiff's late filing, and the delay of Plaintiff's opposition has not substantially lengthened the proceedings before this Court.  Second, Plaintiff delayed filing a response to Home Depot's motion to dismiss pending the resolution of his motion to remand this matter to state court.  Although the delay was improper, and without an order from this Court, this Court holds that the delay was reasonable.  For these reasons, this Court will consider both Plaintiff's opposition and Home Depot's reply in deciding the instant motion to dismiss.

will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

### III.  DISCUSSION

**A.  Union Township Municipal Code**

Defendant argues that Plaintiff's claim, pursuant to the Union Township Municipal Code, fails to state a claim because:  "(1) that section only applies to 'police-requested' towing, (2) that section only applies to a 'towing operator', which Home Depot is not, and (3) Plaintiff did not satisfy the statutory prerequisites of Chapter 505 prior to instituting this action."  (Def.'s Br. in Supp. of Mot. to Dismiss 4) (emphasis in original).  Plaintiff counters and argues that Chapter 505 of the Code "goes beyond police tows and prohibits any illegal and excessive charges for private property tows . . ."  (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss 4.)   In addition, while Plaintiff acknowledges that Home Depot is not a towing operator within the meaning of Chapter 505 of the Code, Plaintiff claims that Home Depot remains responsible for the towing charges.  (Id.)

Finally, Plaintiff states that although he believes that Chapter 505 of the Code extends to private property tows, he suggests that Section 505-17, which requires that "[a]ny complaint as to services rendered by the tower or as to fees charged are to be addressed in writing to both the Chief of Police and the Clerk within 10 days of paying for said services," UNION TWP. MUN. CODE § 505-17(D)(2), only applies to police directed tows (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss 5).  Plaintiff cannot have it both ways.

5

"In construing the language of an ordinance, it is well established that courts apply the same rules of judicial construction as they apply when construing statutes. Generally, a court's duty in construing a statute is to determine the intent of the Legislature." AMN, Inc. of N.J. v. Twp. of S. Brunswick Rent Leveling Bd., 93 A.2d 1138, 1141 (N.J. 1983) (internal citation omitted). Courts "must interpret statutes in accordance with their plain meaning . . . [and] effectuate the intent of the Legislature [by] considering the language used and the objective sought to be achieved." Fair Lawn Retired Policemen v. Borough of Fair Lawn, 691 A.2d 859, 861 (N.J. Super. Ct. App. Div. 1997). When "the intent of the Legislature [] ha[s] been clearly expressed and its intention plainly apparent . . . it is improper to usurp the function of the legislative branch under the guise of statutory construction." Ayres v. Dauchert, 130 A.2d 1, 6 (N.J. Super. Ct. App. Div. 1974).

This Court finds the language of Chapter 505 of the Union Township Municipal Code to be unambiguous. This chapter does not apply to Home Depot. First, Chapter 505 of the Union Township Municipal Code clearly provides that "[t]he purpose of this chapter is to provide standards, regulations and rates for police-requested towing and storage services requiring a response thereto by the licensees." UNION TWP. MUN. CODE § 505-1 (emphasis added). Similarly, the subsection which Plaintiff seeks to invoke specifies that the outlined charges pertain to fees accumulated for towing and storage services made at the request of the Union Township Police Department. Id. at § 505-15 (stating that "[t]owing and storage charges shall be paid by the owner of a vehicle towed and/or stored by a licensee at police request . . .") (emphasis added). The plain language of these two subsections evidences the Township's intent to limit application of this chapter to towing and storage services provided by Township

6

licensees, and made at the request of the Police Department.

A review of the chapter in its entirety supports this conclusion. While the chapter acknowledges that towing and storage services may be provided by unlicensed towing operators, and performed without the request of the Township or its Police Department, see e.g., id. at § 505-3(B)(2) (stating that "[n]o license shall be required by the police to tow any vehicle from private property without the consent of the owner and private property owner except on the express instruction of the police in the event of an emergency."), each subsection makes specific reference to the responsibilities of licensees, see generally, UNION TWP. MUN. CODE §§ 505-1 to -17.  A licensee is defined as "[a] towing operator having a license granted by the Township pursuant to the provisions of this chapter."  UNION TWP. MUN. CODE § 505-2.  The Township meant to restrict application of this chapter to towing operators licensed by the Township, who perform towing and storage services at the request of the Township or its Police Department.

Second, even if the Township intended to extend the towing and storage charges established in § 505-15 to unlicensed towing operators, who tow vehicles from private property without request from the Township or Police Department, Chapter 505 remains inapplicable to Home Depot.  Specifically, § 505-15 only applies to fees charged by a towing operator for its towing and storage services.  Home Depot is not towing operator.[3]  Plaintiff concedes this fact in his papers.  (See Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss 4) ("Home Depot, while not a licensed towing operator, cannot stand back and claim innocence when at its direction the other Defendants in this case proceeded to tow vehicles at excessive and illegal charges.").

---

[3] A towing operator is defined as "[a]n individual or entity engaged in the business of providing towing and storage services."  UNION TWP. MUN. CODE § 505-2.

Home Depot is not engaged in the business of providing towing and storage services, and therefore, did not violate the Code.[4]

**B. New Jersey Consumer Fraud Act**

Home Depot next claims that Plaintiff's allegations, pursuant to the New Jersey Consumer Fraud Act ("NJCFA"), N.J. STAT. ANN. § 56:8-2.26, must be dismissed because: (1) Plaintiff lacks standing to pursue such claims against Home Depot; (2) Plaintiff fails to allege that Home Depot engaged in the unlawful conduct complained of; (3) Plaintiff fails to allege that Home Depot proximately caused his injury; and (4) Plaintiff has not alleged violation of the NJCFA with the requisite level of specificity. (Def.'s Br. in Supp. of Mot. to Dismiss 7.)

Plaintiff argues that he has standing to pursue his claims against Home Depot because the Towing Defendants acted as agents of Home Depot, and Home Depot is responsible for the actions of its agents. (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss 6-7.) Plaintiff also claims that he has pleaded the NJCFA count with sufficient specificity. (Id. at 7-8.)

The New Jersey Consumer Fraud Act was designed to protect consumers. Hundred E. Credit Corp. v. Eric Schuster Corp., 515 A.2d 246, 248 (N.J. Super. Ct. App. Div. 1986). Although "consumer" is not defined in the Act, "its generally recognized meaning is one who uses (economic) goods, and so diminishes or destroys their utilities." Id. (internal citation omitted). Plaintiff has not alleged that he purchased, or used, in any method, goods or services provided by Home Depot. (See generally, Compl.) Plaintiff has not alleged that he is a

---

[4] This Court finds that Chapter 505 of the Union Township Municipal Code is inapplicable to Home Depot because this chapter is addressed solely to police requested tows, and Home Depot is not a towing operator. Based on this finding, this Court need not reach Home Depot's remaining argument that Plaintiff failed to satisfy the statutory requirements enunciated in § 505-17(D)(2).

consumer within the meaning of the NJCFA. Such a deficiency in the pleading requires this Court to find that Plaintiff lacks standing to pursue a claim under the NJCFA against Home Depot.

Assuming, *arguendo*, that Plaintiff has standing to pursue his NJCFA claim against Home Depot, Plaintiff's claim still fails because he neglected to allege that Home Depot engaged in the unlawful practices prohibited by the Act. Section 56:8-2.26 of the NJCFA provides that "[i]t shall be an unlawful practice and a violation . . . for any person to <u>charge</u> rates which are discriminatory or are not usual, customary and reasonable rates for the towing and storage of motor vehicles . . . " N.J. STAT. ANN. § 56:8-2.26 (emphasis added).

In order to state a claim for violation of this Act, "[Plaintiff] must allege each of three elements: (1) unlawful conduct by the defendants; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss." <u>N.J. Citizen Action v. Schering-Plough Corp.</u>, 842 A.2d 174, 176 (N.J. Super. Ct. App. Div. 2003). Plaintiff has not alleged the first element. There is no allegation that Home Depot charged the allegedly excessive towing and storage fees. (<u>See generally</u>, Compl.) In fact, Plaintiff alleges that the Towing Defendants, and not Home Depot, charged such fees. (<u>See id.</u> at ¶ 12) ("<u>Certain of defendants</u> have towed hundreds of vehicles from private property and charged the vehicle owners exorbitant and illegal rates . . . ") (emphasis added); (<u>see also</u> <u>id.</u> at ¶ 14) ("<u>The Towing Defendants</u> charge towed vehicles at rates as high as $6350.00 . . . ") (emphasis added); (<u>id.</u> at ¶ 23) ("<u>The Towing Defendants</u> acted in concert in overcharging Plaintiff and members of the class.") (emphasis added); (<u>id.</u> at ¶ 32) ("<u>The Towing Defendants</u> have charged hundreds of individuals' [sic] excessive truck and car

towing charges over the past six years.") (emphasis added); (id. at ¶ 33) ("The common questions of law and fact to the class are (i) whether the Towing Defendants violated the Union Municipal Ordinance § 401-10; (ii) whether the Towing Defendants charged excessive and exorbitant fees to those whose vehicles it towed; (iii) whether the Towing Defendants kicked back money to individual property owners in connection with the towing of vehicles; (iv) whether the Towing Defendants should be ordered to pay compensatory damages to all victims of its overcharges; (v) whether the fees are unconscionable; (vi) whether BRPM converted property; and (vii) whether the Towing Defendants should be enjoined from further violations of Union Municipal Ordinance § 401-10, New Jersey Consumer Fraud Act § 56:8-2.26 and from price gouging.") (emphasis added); (id. at ¶ 34) ("An examination of the Towing Defendants and any of their invoices will determine liability.") (emphasis added).

Based on the Plaintiff's pleading deficiency, the NJCFA claim shall be dismissed.

## C. Implied Covenant of Good Faith and Fair Dealing

Next, Home Depot argues that Plaintiff fails to establish a claim for breach of the implied covenant of good faith and fair dealing. Home Depot claims that "Plaintiff does not allege the existence of a contract between himself and Home Depot, and [] Plaintiff does not allege that Home Depot acted with malice." (Def.'s Br. in Supp. of Mot. to Dismiss 11.) Plaintiff, however, does claim that he is a third-party beneficiary to the alleged contract between Home Depot and BRPM; as such, he should be permitted to sue on the contract. (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss 8.)

> [A] covenant of good faith and fair dealing is implied in every contract in New Jersey, but consequently, a contract must exist between two parties before a court will infer this covenant. Moreover, the contention that a breach of the implied

>covenant may arise absent an express or implied contract . . . finds no support in New Jersey case law.

Material Techs., Inc. v. Carpenter Tech. Corp., No. 01-2965, 2004 U.S. Dist. LEXIS 28892, *31 (D.N.J. Dec. 14, 2004) (internal citations omitted); see also Overseas Food Trading, Ltd. v. Agro Acietunera S.A., No. 06-800, 2006 U.S. Dist. LEXIS 60814, *7 (D.N.J. Aug. 28, 2006) (citing Wade v. Kessler Inst., 778 A.2d 580, 584 (N.J. Super. Ct. App. Div. 2001) (stating that "[i]n the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing.")). New Jersey law requires Plaintiff to allege the existence of a contractual relationship between himself and Home Depot to survive a motion to dismiss.

Alternatively, "[a] person for whose benefit a contract is made . . . may sue thereon in any court . . . " N.J. STAT. ANN. § 2A:15-2 (2007). "This statute merely restates established New Jersey law that third-party beneficiaries may sue upon a contract made for their benefit without privity of contract." Rieder Cmtys., Inc. v. Twp. of N. Brunswick, 546 A.2d 563, 566 (N.J. Super. Ct. App. Div. 1988). When determining third-party beneficiary status, courts consider "whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts. Unless such a conclusion can be derived, a third party has no cause of action despite the fact that it may derive an incidental benefit from the contract's performance." Id. at 566-67 (internal citations omitted).

Here, Plaintiff does not allege that there is a contractual relationship between himself and Home Depot. (See generally, Compl.) Instead, Plaintiff alleges that he

>and members of the class are third-party beneficiaries of any contractual agreement entered into between BRPM and Home Depot and Expo Design and other private property owners in that they are entitled to be charged only reasonable and conscionable rates charged in good faith which are an implied or express part of such

contracts or agreements.

(Id. at ¶ 47.)  However, while alleging that he is a third-party beneficiary to any contract between Home Depot and any of the Towing Defendants, Plaintiff fails to allege that Home Depot and the Towing Defendants intended for Plaintiff to derive a benefit from the alleged contract. (See generally, Compl.)  In fact, Plaintiff consistently alleges the opposite.  Plaintiff claims that "[t]he Home Depot and/or Expo Design agreed to terms that expressed or implied that the Towing Defendants could charge excessive, unconscionable and exorbitant rates."  (Id. at ¶ 24.)

Taking all of the allegations in the Complaint as true, it is illogical for Plaintiff to allege, in one instance, the existence of a contract or agreement authorizing the Towing Defendants to charge excessive fees, and in the next instance allege that Plaintiff is an intended beneficiary of such contract or agreement.  Assuming that such contract or agreement exists, it cannot be said to have been made for the benefit of Plaintiff.  No other conclusion can be derived.  Rieder Cmtys., 546 A.2d at 567.[5]

**D. Conversion**

Finally, Home Depot argues that Plaintiff fails to state a cause of action for conversion. (Def.'s Br. in Supp. of Mot. to Dismiss 15.)  Plaintiff, on the other hand, claims that he sufficiently alleges that "the towing Defendants and Home Depot are guilty of converting Plaintiff's property."  (Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss 9-10.)

> Conversion is the intentional exercise of dominion or control over personal property that seriously interferes with the right of another to control it.  The essence of a

---

[5] To the extent that Plaintiff raises a claim for unconscionability, such claim must also be dismissed for similar reasons.

12

> conversion claim is that one party exercises the right of ownership over property belonging to another without that person's permission. To prove a claim for conversion, a plaintiff must prove (1) that the alleged offender assumed and exercised the right of ownership over the party's goods or chattels without permission, and (2) excluded the owner from exercising dominion over them.

Pollen v. Comer, No. 05-1656, 2007 U.S. Dist. LEXIS 46906, *31-32 (D.N.J. June 28, 2007) (internal citations omitted). Plaintiff must, therefore, allege that: (1) he is the owner of the tractor trailer truck and empty flat bed trailer that was towed from the parking lot located at 2465 Springfield Avenue, Union, New Jersey; (2) Home Depot towed the vehicle and retained control over it; and (3) Home Depot prevented Plaintiff from recovering the vehicle. Plaintiff fails to meet this burden.

While Plaintiff sufficiently alleges ownership over the truck and trailer (see generally, Compl. ¶ 15), Plaintiff does not allege that Home Depot "exercised the right of ownership . . . [or] excluded [Plaintiff] from exercising dominion" over the vehicle. (See generally, Compl.) At most, Plaintiff alleges that "[t]he Towing Defendants with the knowledge and authorization of Home Depot and Expo Design, converted the property of the plaintiff and the class by unreasonably withholding trucks and cars from them." (Id. at ¶ 50) (emphasis added).

Similarly, Plaintiff alleges throughout the Complaint, as noted supra III.B., that the Towing Defendants towed his vehicle and charged allegedly excessive rates. Home Depot, therefore, cannot be said to have assumed and exercised the right of ownership over Plaintiff's vehicle, or to have excluded Plaintiff from exercising dominion. See Pollen, 2007 U.S. Dist. LEXIS 46906, at *31-32.

## IV.  CONCLUSION

For the reasons stated above, Home Depot's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), is granted.  All counts in the Complaint against Defendant Home Depot are dismissed, without prejudice.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Date: December 21, 2007